**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JERMOL D. GENTRY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 04-CV-0659-CVE-SAJ |
| ) | |
| **CHARLES RAY, Warden,** ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner challenges his convictions and sentences in Tulsa County District Court Case No. CF-2001-727. Respondent filed a response and provided the state court records necessary for adjudication of Petitioner's claims (Dkt. ## 6, 7). Petitioner did not file a reply. For the reasons discussed below, the Court finds that the petition shall be denied.

*BACKGROUND*

During the summer of 1999, the victim, a fourteen year old male, was introduced to Petitioner and invited to become a part of a group of young men led by Petitioner. After gaining the victim's trust, Petitioner began training the victim about his personal religious beliefs. Petitioner claimed that members of the group were angels who needed to train to prepare for the end of the world. Between July 1, 1999, and March 31, 2000, and as a part of the training, Petitioner administered tests to the victim which were sexual in nature. The victim was also subjected to "oral consequences" and "anal consequences" when he did not pay attention to Petitioner or correctly memorize some of the teachings. These consequences were also sexual in nature. Eventually the

victim stopped meeting with Petitioner. As a result of these events, Petitioner was charged with multiple sex crimes against a minor.

From February 11-14, 2002, Petitioner was tried and convicted by a jury in Tulsa County District Court, Case No. CF-2001-727, of the following crimes: First Degree Rape (Counts 1 and 13), and Lewd Molestation (Counts 2, 3, 4, 11, 14, 15, 16, and 17).[1] The convictions resulted from charges involving one male victim, who testified at trial. At the time of the incidents giving rise to the criminal charges, the victim was 14 years old and Petitioner was 23 years old. Petitioner was represented at trial by attorney Gregg Graves, an Assistant Public Defender for Tulsa County. Assistant District Attorneys Chad Moody and Eric Johnston prosecuted the case on behalf of the State of Oklahoma. The jury recommended the following sentences: two hundred (200) years imprisonment for each of Counts 1 and 13; and twenty (20) years imprisonment for each of Counts 2, 3, 4, 11, 14, 15, 16, and 17. On May 2, 2002, the trial court sentenced Petitioner in accordance with the jury's recommendation and ordered the sentences to be served consecutively.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Paula Alfred, Petitioner raised two (2) claims as follows:

| Proposition I: | Comments by the trial judge and prosecutor during jury selection diluted the presumption of innocence, eviscerated the burden of proof, impermissibly bolstered the credibility of the alleged victim, and invoked victim sympathy. |
|---|---|
| Proposition II: | The trial court's response to the jury's note impermissibly invited consideration of parole issues. |

---

[1] Prior to trial, the State filed an amended information dismissing Counts 5, 6, 7, 8, 9, and 10, and adding five (5) counts of Lewd Molestation (Counts 11, 14, 15, 16, and 17). A second count of First Degree Rape (Count 13) and a count of Cruelty to Animals (Count 12) were also added in the amended information. See www.oscn.net. The jury acquitted Petitioner of Cruelty to Animals (Count 12).

See Dkt. # 6, Ex. A. In an unpublished summary opinion, filed March 31, 2003, in Case No. F-2002-615, the OCCA rejected each of Petitioner's claims and affirmed the Judgment and Sentence of the trial court (Dkt. # 6, Ex. C). Nothing in the record suggests that Petitioner sought a *writ of certiorari* from the United States Supreme Court.

On December 31, 2003, Petitioner, appearing *pro se*, filed an application for post-conviction relief in the state district court (Dkt. # 1, attachment). The district court denied relief on February 10, 2004 (id.). Petitioner attempted to appeal the denial of relief (Dkt. # 6, Ex. D). However, on May 12, 2004, the OCCA filed its order, in Case No. PC-2004-316, declining jurisdiction and dismissing the appeal based on Petitioner's failure to attach a certified copy of the state district court's order denying post-conviction relief as required by Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals.* See Dkt. # 6, Ex. E.

Petitioner now seeks federal habeas corpus relief. In his petition filed on August 23, 2004, Petitioner raises the following grounds for relief:

    Ground 1:    The remarks by Judge and Prosecutor during jury selection combined with remarks by the jury.[2]

    Ground 2:    Tampering with evidence.

    Ground 3:    Ineffective assistance of [trial] counsel.

In response to the petition, Respondent argues that Petitioner's ground 1 claim was properly denied by the OCCA, and grounds 2 and 3 are procedurally barred (Dkt. # 6).

---

[2]     Despite Petitioner's abbreviated description of his claim in ground one, a review of his argument and authorities in support of ground one reveals that he apparently intended to raise the same issue raised as Proposition One on direct appeal. See Dkt. #1.

*ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Claim adjudicated by the OCCA (ground 1)**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing

4

evidence." 28 U.S.C. § 2254(e)(1). In this case, Petitioner presented his ground one claim on direct appeal where it was adjudicated by the OCCA. Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's ground one claim.

In his first proposition of error, Petitioner asserts that during *voir dire* both the trial judge and prosecutor asked improper questions which bolstered the credibility of the victim. The OCCA rejected this claim on direct appeal as follows:

> As to Proposition I, we find when jury selection is read in its entirety, it cannot be found that the trial court's few questions demonstrated a bias in favor of the victim/prosecution or denied Appellant his rights. As such, we find no plain error. *See Wackerly v. State*, 12 P.3d 1, 15 (Okl.Cr.2000).

Dkt. # 6, Ex. C at 2. The Court finds Petitioner is not entitled to relief based on the OCCA's adjudication of his challenge to the *voir dire* questioning. The Sixth Amendment, applicable to the states through the Fourteenth Amendment, and principles of due process guarantee a criminal defendant in state court an "impartial jury." Ristaino v. Ross, 424 U.S. 589, 595 n. 6 (1976) (citations omitted). The Supreme Court has stressed that the trial court is granted wide discretion in conducting *voir dire* in the area of pretrial publicity and in other areas of inquiry that might tend to show juror bias. Mu'min v. Virginia, 500 U.S. 415, 427 (1991). "*Voir dire* examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges." Id. at 431.

The following exchanges illustrate the basis of Petitioner's claim as developed on direct appeal:

| | |
|---|---|
| JUDGE: | And do you think, sir, that someone could be uncomfortable testifying in front of a jury of 12 people? |
| JUROR FISHER: | Yes, sir. |

5

| | |
|---|---|
| JUDGE: | Particularly involving matters of a sexual nature? |
| JUROR FISHER: | Yes. |
| JUDGE: | All right. Okay. Mr. Carrell, do you think, sir, that, you could right now tell us, sir, about your last sexual experience? |
| JUROR CARRELL: | Probably not. |
| JUDGE: | Okay. would that make you uncomfortable, sir, telling us about that? |
| JUROR CARRELL: | I would think so. |
| JUDGE: | I'm sorry? |
| JUROR CARRELL: | I would think so. |
| JUDGE: | So, do you think that someone could be uncomfortable on the witness stand talking about a sexual experience of any type? |
| JUROR CARRELL: | Yes. |
| JUDGE: | Would you consider that, sir, in determining whether or not that person is being honest with you? |
| JUROR CARRELL: | Yes. |
| JUDGE: | Would you all agree with Mr. Carrell that you would be uncomfortable talking about your last sexual experience? If so, raise your hand if you agree with that. Anyone want to volunteer to talk about that? All right.<br><br>So wouldn't you think that some person would be reluctant to talk about that on the witness stand? If so, please raise your hand. In all seriousness. All right. Thank you.<br><br>Will you consider that when you determine whether or not a person is being honest or truthful with you? If so, please raise your hand.<br><br>Note for the record everyone has their hand raised. Thank you. |

See Dkt. # 7, Tr. Trans. Vol. 2 at 152-54. Petitioner also complains that the prosecutor asked similar improper questions during *voir dire*, as follows:

6

PROSECUTOR:   Mr. Poulson, you heard earlier when the Judge asked Mr. Carrell a rather personal question, regarding if he would express to a room full of strangers a very personal activity that he might have been involved in. Would you agree with Mr. Carrell that that would be quite an embarrassing thing to do?

JUROR POULSON:   Yes.

PROSECUTOR:   Now, Mr. Poulson, I want you to imagine that you were asked to do that. And now imagine that you're a teenager and you've had to talk about something that wasn't consensual. . . .[3] Imagine that you are a teenager and that the activity that you're going to describe was not something you wanted to happen. Okay? Do you think that that would make the embarrassment and the difficulty even greater?

JUROR POULSON:   Yeah.

PROSECUTOR:   Now, sir, I anticipate in this case that you're going to hear from a young man that's going to testify in this case. And will you take into account what that witness is having to say when you consider his credibility and the truthfulness of what he's having to say?

JUROR POULSON:   Yes.

PROSECUTOR:   Would you agree with me that would be important for you to consider?

JUROR POULSON:   Yes.

PROSECUTOR:   Would you expect someone to come in and be able to say things like that without any difficulty or embarrassment at all?

JUROR POULSON:   It would be tough for me to do.

PROSECUTOR:   You wouldn't expect --

JUROR POULSON:   No, I wouldn't expect that at all.

PROSECUTOR:   Mr. Jenkins, you agree with that?

---

[3]  Defense counsel objected at this point but the trial judge asked him to wait until the prosecutor had finished his question. At the end of the question, defense counsel stated that he withdrew his objection.

7

        JUROR JENKINS:    Yes, sir.

        PROSECUTOR:      Might be a tough thing to do?

        JUROR JENKINS:    Yes, sir.

See Dkt. # 7, Tr. Trans. Vol. 3 at 10-12. Later in the *voir dire*, the trial judge asked several other prospective jurors similar questions about whether it would be embarrassing to testify about sexual experiences publicly and before twelve strangers. Id. at 72, 146-47.

"[T]he right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors." Morgan v. Illinois, 504 U.S. 819, 727 (1992). However, the trial court retains great latitude in conducting *voir dire* in order to create a panel of impartial jurors. Mu'Min v. Virginia, 500 U.S. at 425-26. Review of the trial court's conduct on *voir dire* is limited to whether Petitioner's trial was rendered fundamentally unfair. See Mayes v. Gibson, 210 F.3d 1284, 1292 (10th Cir. 2000) (citing Mu'Min, 500 U.S. at 425-26).

Upon review of the trial transcript, including *voir dire*, the Court concludes that Petitioner's trial was not rendered fundamentally unfair as a result of questions asked by the trial court judge and the prosecutor during *voir dire*. Mayes, 210 F.3d at 1292. The questions were not improper because they assisted both the State and Petitioner in selecting an impartial jury panel. The OCCA's adjudication of this claim did not result in a decision contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas corpus relief on this claim.

**C.     Procedural bar (grounds 2 and 3)**

In his second ground Petitioner claims that the evidence at trial was tampered with, and in his third ground he asserts ineffective assistance of counsel. These issues were raised for the first time in post-conviction proceedings. After the state district court denied relief, the OCCA imposed a procedural bar on Petitioner's claims and dismissed the post-conviction appeal because Petitioner failed to attached a certified copy of the district court's denial of post-conviction relief to his post-conviction petition in error as required by Rule 5.2(C), *Rules of the Court of Criminal Appeals*. See Dkt. # 6, Ex. E.

In response to the petition, Respondent asserts that this Court should uphold the procedural bar imposed by the OCCA as to Petitioner's second and third claims. The Court agrees with Respondent that Petitioner's second and third grounds are procedurally barred. The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds. Coleman v. Thompson, 501 U.S. 722, 729 (1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). A finding of procedural default is an "adequate" state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

The OCCA's dismissal of the post-conviction appeal was based on both an independent and an adequate state procedural ground. The imposition of a procedural bar was an "independent" state ground because "it was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. The OCCA's reliance on Rule 5.2(C) for imposition of a procedural bar was also an "adequate" ground.

See Johnson v. Champion, 288 F.3d 1215, 1227 n.3 (10th Cir. 2002) (holding that the OCCA's declination of jurisdiction based on Rule 5.2(C) constitutes an independent and adequate state procedural ground); Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir. 1998). This Court must recognize the default in this case. Cf. Smallwood v. Gibson, 191 F.3d 1257, 1268-69 (10th Cir. 1999) (finding petitioner's failure to raise the factual bases for his ineffective assistance of counsel claims in his first application for state post-conviction relief precluded habeas review absent a showing of cause and prejudice or a fundamental miscarriage of justice); Moore v. Reynolds, 153 F.3d 1086, 1097 (10th Cir. 1998).

As a result of Petitioner's procedural default, this Court may not consider the claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941042 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner offers no explanation for the procedural default of his second and third grounds. As a result, the Court finds Petitioner has failed to demonstrate "cause" sufficient to overcome the procedural bar applicable to his claims.

Petitioner's only other means of gaining federal habeas review is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). However, Petitioner does not assert that he is actually innocent of the crimes for which he was convicted. As a result, he does not fall within the fundamental miscarriage of justice exception. The Court concludes that Petitioner's ground two and ground three claims are procedurally barred and habeas corpus relief must be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

**DATED** this 21st day of August, 2008.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT